**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| Janistaria Wilson,<br><br>    Plaintiff,<br><br>v.<br><br>National Credit Systems, Inc.,<br><br>    Defendant. | Civil Action No: 1:20-cv-1888<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

**INTRODUCTION**

1. This is an action for actual damages, statutory damages, legal fees, and expenses for the improper and illegal actions and conduct of National Credit Systems, Inc., whose actions and conduct are in direct violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as the "FDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C § 1331 and pursuant to 15 U.S.§ 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

4. The Plaintiff resides in this Judicial District.

## PARTIES

5. The Plaintiff, Janistaria Wilson ("Plaintiff"), is an adult individual residing in Indianapolis, Indiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. The Plaintiff is "any person" as the term is used in 15 U.S.C. § 1692d preface.

7. The Defendant, National Credit Systems, Inc., (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 3750 Naturally Fresh, Blvd, Atlanta, GA 30349, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8. The Defendant is a debt collection agency and/or debt purchaser and is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

9. The Defendant regularly collects or attempts to collect, directly, or indirectly, debts owed of due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

10. The Defendant is a debt collection agency attempting to collect a debt from the Plaintiff.

11. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

12. The debt owed by Plaintiff went into default.

13. The Plaintiff retained Sawin & Shea, LLC., for legal representation regarding the Plaintiff's debts.

14. On November 13, 2017, the Plaintiff filed for bankruptcy protection under Title11, Chapter 13, of the United States Bankruptcy Code, bankruptcy case number; 17-08457-JJG-13.

15. The filing of the Plaintiff's bankruptcy case created an automatic stay that prohibited any further contact by the creditors of the Plaintiff.

16. The Plaintiff's bankruptcy petition contained schedules of debts.

17. On October 9, 2019, the Plaintiff, by counsel, filed a Notice of Conversion to Chapter 7. *See Exhibit "2" attached hereto.*

18. On December 19, 2019, Plaintiff, by counsel, filed a Schedule of Post-Petition Debts pursuant to 11 U.S.C. Section 348(d). *See Exhibit "3" attached hereto.*

19. The Defendant's client was properly listed on the Schedule of Post-Petition Debts and served with a copy. *See Exhibit "3" attached hereto.*

20. On or around January 23, 2020, the Bankruptcy Noticing Center sent the Defendant's client a copy of the Discharge Order, including an Explanation of Bankruptcy Discharge in a Chapter 7 case. *See Exhibit "4" attached hereto.*

21. On February 7, 2020, the Plaintiff returned a missed phone call from the Defendant. The Defendant's representative informed the Plaintiff that they were attempting to collect a debt. Plaintiff advised the representative that she had filed for bankruptcy and had listed this debt had been included and discharged in the bankruptcy. Plaintiff further advised the Defendant to contact her bankruptcy attorney and to stop their collection efforts. *See Exhibit "5" attached hereto.*

22. On April 28, 2020 Plaintiff received a dunning letter from the Defendant in an attempt to collect the alleged debt. *See Exhibit "6" attached hereto.*

23. The April 28, 2020 dunning letter stated that the Plaintiff owes a balance of $4,704.57. *See Exhibit "6" attached hereto.*

24. Defendant is attempting to collect a debt that the Defendant was legally enjoined from collecting. The April 28, 2020 dunning letter asks the Plaintiff to, *"submit payment for this account through our website (www.nationalcreditsystems.com), by mail, or with our office over the phone." See Exhibit "6" attached hereto.*

25. After Plaintiff received the April 28, 2020 dunning letter, she contacted her bankruptcy counsel, confused and upset as to why she is still receiving dunning letters from debts included in her bankruptcy.

26. Because the debt to Union Green Apartments was properly noticed and discharged, there is no conceivable legal reason for Defendant to send a dunning letter to Plaintiff in an attempt to collect the debt. The only reason for the Defendant to send the letter would be to harass and coerce payment of the discharged debt from the Plaintiff.

27. The Defendant was informed that the Plaintiff was represented by counsel, yet in violation of the FDCPA Defendant sent a dunning letter directly to the Plaintiff.

28. On May 26, 2020 Plaintiff obtained and reviewed a copy of her Experian Credit Report. *See Exhibit "7" attached hereto.*

29. On May 26, 2020 the Defendant was still reporting the alleged debt as past due and payable to Experian. *See Exhibit "7" attached hereto.*

30. The Defendant is attempting to collect a debt they were legally enjoined from collecting.

31. The Defendant misrepresented the legal status of the debt to the Plaintiff when they sent the dunning letter in an attempt to collect a debt.

32. The Defendant misrepresented the legal status of the debt to Experian credit reporting agency.

33. Plaintiff has suffered fear and frustration, which has led to severe anxiety, that is directly related to the actions of the Defendant.

34. Plaintiff continues to suffer severe anxiety as she believes the Plaintiff's negative credit reporting will prevent her from being approved for credit and hindering her ability to obtain the fresh start she was granted by the bankruptcy court.

35. In an attempt to reduce this Court's caseload, Plaintiff's counsel sent a copy of the draft complaint by certified mail with a request to discuss potential resolution. *See Exhibit "8" attached hereto.*

36. Plaintiff received no response and was left with no other option than to file this current complaint.

## COUNT ONE

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.*

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as through fully stated herein.

38. The Defendant violated 15 U.S.C. § 1692e.

39. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequences of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt,

40. The Defendant's conduct violated 15 U.S.C. § 1692f,

41. The Defendant misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e,

42. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.
2. Actual damages under 15 U.S.C. § 1692k(a)(1).
3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).
4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).
5. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury of all issues to triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 16, 2020

Respectfully Submitted,

By: /s/Richard J. Shea

Richard J. Shea, Esq., # 21396-53
Sawin & Shea, LLC.
Attorneys for Plaintiff
6100 N. Keystone Avenue, Suite 620
Indianapolis, IN 46220
Telephone: (317) 255-2600
Facsimile: (317) 255-2905
E-mail: rshea@sawinlaw.com